FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

2004 OCT 29  A 11: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| DARREN M. DUMONT, | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, and | ) | |
| DYN MARINE SERVICES | ) | |
| OF VIRGINIA, INC., | ) | MAGISTRATE JUDGE _MBB_ |
| Defendants | ) | |

RECEIPT #_____
AMOUNT $ _N/A_
SUMMONS ISSUED.
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK_____
DATE_10/29/04_

04   12307 DPW

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter, and states as follows:

### General Factual Allegations

1. The Plaintiff, Darren M. Dumont, is a resident of Auburn, Maine.

2. The Defendant, Dyn Marine Services of Virginia, Inc., is a corporation organized and existing under the laws of the Commonwealth of Virginia.

3. On or about December 30, 2002, the Defendant, Dyn Marine Services of Virginia, Inc., was doing business within the Commonwealth of Massachusetts.

4. On or about December 30, 2002, the Defendant, United States of America, owned the USNS BOWDITCH.

5. On or about December 30, 2002, the Defendant, United States of America, operated the USNS BOWDITCH.

6. On or about December 30, 2002, the Defendant, United States of America, controlled the USNS BOWDITCH.

7. On or about December 30, 2002, the Plaintiff was employed by Dyn Marine Services of Virginia, Inc.

8.   On or about December 30, 2002, the Plaintiff was employed by Dyn Marine Services of Virginia, Inc. as a seaman, and a member of the crew of the USNS BOWDITCH.

9.   On or about December 30, 2002, Dyn Marine Services of Virginia, Inc., operated the USNS BOWDITCH.

10.   On or about December 30, 2002, Dyn Marine Services of Virginia, Inc., controlled the USNS BOWDITCH.

11.   On or about December 30, 2002, the USNS BOWDITCH was in navigable waters.

12.   On or about December 30, 2002, while in the performance of his duties in the service of the USNS BOWDITCH, the Plaintiff sustained personal injuries.

13.   Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff was exercising due care.

<u>Jurisdiction</u>

14.   This Court has subject matter jurisdiction over this matter pursuant to the Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. §688 <u>et.</u> <u>seq.</u>

15.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1333, the Suits in Admiralty Act, 46 U.S.C. App. §741 <u>et.</u> <u>seq.</u>, and the Public Vessels Act, 46 U.S.C. App. §781 <u>et.</u> <u>seq.</u>

<u>COUNT I</u>

(Darren M. Dumont v. United States of America)

(JONES ACT NEGLIGENCE)

16.   The Plaintiff, Darren M. Dumont, reiterates the allegations set forth in paragraphs

2

1 through 15 above.

17.    The personal injuries sustained by the Plaintiff, Darren M. Dumont, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

18.    As a result of said injuries, the Plaintiff, Darren M. Dumont, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

19.    This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Darren M. Dumont, demands judgment against the Defendant in the amount of $1,000,000.00, together with interest and costs.

COUNT II

(Darren M. Dumont v. United States of America)

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

20.    The Plaintiff, Darren M. Dumont, reiterates the allegations set forth in paragraphs 1 through 15 above.

21.    The personal injuries sustained by the Plaintiff, Darren M. Dumont, were due to no fault of his, but were caused by the unseaworthiness of the USNS BOWDITCH.

22.    As a result of said injuries, the Plaintiff, Darren M. Dumont has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

23.    This cause of action is brought under the General Maritime Law for

3

Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Darren M. Dumont, demands judgment against the Defendant in the amount of $1,000,000.00, together with interest and costs.

## COUNT III

### (Darren M. Dumont v. United States of America)

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

24.    The Plaintiff, Darren M. Dumont, reiterates the allegations set forth in Paragraphs 1 through 15 above.

25.    As a result of the personal injuries described in paragraph 12 above, the Plaintiff, Darren M. Dumont, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Darren M. Dumont, demands judgment against the Defendant in the amount of $100,000.00, for maintenance and cure, together with costs and interest.

## COUNT IV

### (Darren M. Dumont v. United States of America)

### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

26.    The Plaintiff, Darren M. Dumont, reiterates the allegations set forth in paragraphs 1 through 15 above.

27.    As a result of the personal injuries described in paragraph 12 above, the Plaintiff, Darren M. Dumont, has incurred and will continue to incur expenses for his maintenance and

4

cure.

28.    The Plaintiff, Darren M. Dumont, has made demand upon the Defendant, its agents, servants, and employees, for the provision of maintenance and cure.

29.    The Defendant, its agents, servants, and employees, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

30.    As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Darren M. Dumont, demands judgment against the Defendant in the amount of $100,000.00, as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

## COUNT V

(Darren M. Dumont v. Dyn Marine Services of Virginia, Inc.)

(JONES ACT NEGLIGENCE)

31.    The Plaintiff, Darren M. Dumont, reiterates the allegations set forth in paragraphs 1 through 15 above.

32.    The personal injuries sustained by the Plaintiff, Darren M. Dumont, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

33.    As a result of said injuries, the Plaintiff, Darren M. Dumont, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

34.    This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Darren M. Dumont, demands judgment against the Defendant in the amount of $1,000,000.00, together with interest and costs.

## COUNT VI

(Darren M. Dumont v. Dyn Marine Services of Virginia, Inc.)

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

35.    The Plaintiff, Darren M. Dumont, reiterates the allegations set forth in paragraphs 1 through 15 above.

36.    The personal injuries sustained by the Plaintiff, Darren M. Dumont, were due to no fault of his, but were caused by the unseaworthiness of the USNS BOWDITCH.

37.    As a result of said injuries, the Plaintiff, Darren M. Dumont has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

38.    This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Darren M. Dumont, demands judgment against the Defendant in the amount of $1,000,000.00, together with interest and costs.

6

## COUNT VII

(Darren M. Dumont v. Dyn Marine Services of Virginia, Inc.)

### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

39.    The Plaintiff, Darren M. Dumont, reiterates the allegations set forth in Paragraphs 1 through 15 above.

40.    As a result of the personal injuries described in paragraph 12 above, the Plaintiff, Darren M. Dumont, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Darren M. Dumont, demands judgment against the Defendant in the amount of $100,000.00, for maintenance and cure, together with costs and interest.

## COUNT VIII

(Darren M. Dumont v. Dyn Marine Services of Virginia, Inc.)

### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)

41.    The Plaintiff, Darren M. Dumont, reiterates the allegations set forth in paragraphs 1 through 15 above.

42.    As a result of the personal injuries described in paragraph 12 above, the Plaintiff, Darren M. Dumont, has incurred and will continue to incur expenses for his maintenance and cure.

43.    The Plaintiff, Darren M. Dumont, has made demand upon the Defendant, its agents, servants, and employees, for the provision of maintenance and cure.

44.    The Defendant, its agents, servants, and employees, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

45.    As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Darren M. Dumont, demands judgment against the Defendant in the amount of $100,000.00, as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

THE PLAINITFF DEMANDS A TRIAL BY JURY ON ALL OF THE ISSUES RAISED IN THIS COMPLAINT.

Respectfully submitted for the
the Plaintiff,
Darren M. Dumont,
by his attorney,

David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: /o/~7/07

8