**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DARREN M. DUMONT, )<br>　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff　　)<br>　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　)<br>　　　　　　　Defendant　)<br>　　　　　　　　　　　　　) | CIVIL ACTION<br>NO. 04-12307DPW |

**ANSWER OF DEFENDANT UNITED STATES OF AMERICA
TO PLAINTIFF'S COMPLAINT[1]**

1.      Defendant United States of America (the "United States") is without information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 1.

2.      Dyn Marine Services of Virginia, Inc. ("Dyn") is no longer a defendant in this action because the plaintiff dismissed his claim against Dyn voluntarily. In the event that any response to this paragraph is required of the United States, it is without information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 2.

3.      The United States is without information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 3.

4.      The United States admits the truth of the allegations set forth in paragraph 4.

5.      The United States admits that Dyn, as the agent of the United States, operated the vessel for the United States at the time alleged in paragraph 5.

6.      The United States admits the truth of the allegations set forth in paragraph 6.

7.      The United States admits that Dyn, as the agent of the United States, employed the plaintiff at the time alleged in paragraph 7.

---

[1] Plaintiff has dismissed Dyn Marine Services of America, Inc. from this action voluntarily, leaving the United States of America as the sole defendant.

8. The United States admits that Dyn, as the agent of the United States, employed the plaintiff as a seaman and member of the crew of the USNS BOWDITCH at the time alleged in paragraph 8.

9. The United States admits that Dyn, as the agent of the United States, operated the vessel for the United States at the time alleged in paragraph 9.

10. The United States admits that Dyn "controlled" the vessel in the sense that it had operational control as the United States' agent at the time alleged in paragraph 10.

11. The United States admits the truth of the allegations set forth in paragraph 11.

12. The United States is without information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 12.

13. The United States is without information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 13.

14. Paragraph 14 of the Complaint requires no response.

15. Paragraph 15 of the Complaint requires no response.

Count I ("Jones Act Negligence")

16. The United States incorporates its responses to paragraphs 1 through 15.

17. The United States denies the truth of the allegations set forth in paragraph 17.

18. The United States denies the truth of the allegations set forth in paragraph 18.

19. Paragraph 19 of the Complaint requires no response.

Count II ("Unseaworthiness")

20. The United States incorporates its responses to paragraphs 1 through 15.

21. The United States denies the truth of the allegations set forth in paragraph 21.

22. The United States denies the truth of the allegations set forth in paragraph 22.

23. Paragraph 23 of the Complaint requires no response.

Count III ("Maintenance and Cure")

24. The United States incorporates its responses to paragraphs 1 through 15.

25. The United States denies the truth of the allegations set forth in paragraph 25.

Count IV ("Failure to Provide Maintenance and Cure")

26. The United States incorporates its responses to paragraphs 1 through 15.

27. The United States denies the truth of the allegations set forth in paragraph 27.

28. The United States denies the truth of the allegations set forth in paragraph 28.

29. The United States denies the truth of the allegations set forth in paragraph 29.

30. The United States denies the truth of the allegations set forth in paragraph 30.

Counts V to VIII

31. to 45.   Paragraphs 31 to 45 are addressed to a non-party, Dyn, and require no response by the United States.

FIRST SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries were caused in whole or in part by his own negligence and failure to exercise the degree of care reasonably required of a person of his age and experience under the existing circumstances.

SECOND SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries were caused in whole or in part by his own willful misconduct.

THIRD SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries were in no way caused by the defendant or any person acting with, through, or under the control of the defendant, or by any person for whose conduct or negligence the defendant is legally responsible or answerable.

FOURTH SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries occurred while plaintiff was performing an action that was adverse to the interests of the defendant.

### FIFTH SEPARATE DEFENSE

When plaintiff joined the vessel, he was suffering from an illness, condition, or injury that he failed to disclose to the defendant or Dyn, and, if he had disclosed such illness, condition, or injury, he would not have been employed; such willful or negligent failure to disclose was a breach of plaintiff's warranty of physical fitness and was a fraud on the defendant.

### SIXTH SEPARATE DEFENSE

If the defendant owed plaintiff anything, the same has been paid in full, and the defendant owes plaintiff nothing.

### SEVENTH SEPARATE DEFENSE

This action must be dismissed for lack of jurisdiction over the defendant's person.

### EIGHTH SEPARATE DEFENSE

This action must be dismissed for improper venue.

### NINTH SEPARATE DEFENSE

This action must be dismissed for insufficiency of process and insufficiency of service of process.

### TENTH SEPARATE DEFENSE

This action must be dismissed as untimely under the applicable statutes of limitations or doctrine of laches.

### ELEVENTH SEPARATE DEFENSE

Plaintiff has failed to mitigate his damages.

### TWELFTH SEPARATE DEFENSE

The action is barred by the doctrine of sovereign or governmental immunity.

5

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's Complaint has failed to state a claim upon which relief may be granted, and consequently must be dismissed.

                    MICHAEL J. SULLIVAN
                    United States Attorney

                    Damon C. Miller
                    Admiralty Counsel
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O.Box 14271
                    Washington, DC 20044-4271
                    Attorneys for the United States

By: */s/ JAMES B. RE*_____
     James B. Re (BBO #413300)
     SALLY & FITCH LLP
     225 Franklin Street
     Boston, Massachusetts 02110-2804
     (617) 542-5542
     Of Counsel to the United States

Dated: December 30, 2004

Ans.to.Comp